## CLARK *v.* LATHAM.

It is a well established rule that, where an issue of either law or fact upon a plea in abatement of the writ is found for the defendant, the judgment is that the writ be quashed.

Where a plea in abatement in attachment is filed, and the demurrer thereto overruled, the judgment should be final; and if the court improvidently grant the plaintiff leave to reply, the replication may be stricken out.

A plea in abatement should be framed with the greatest accuracy and precision, and certain to every intent; and so a plea in abatement in attachment, denying that the *bond* was approved by the clerk before it was issued, is not sufficient. It should have described the bond as the *attachment bond*. So, a plea that the sureties *are* insolvent, is bad—they may have been solvent when the bond was executed.

*Quere.* Can the sufficiency of such sureties be questioned, under any circumstances, by plea in abatement?

A plea that the writ was not signed by the clerk *with his own proper hand,* nor by his lawful deputy, held bad. The writ would have been good if signed by his name by another, under his direction and in his presence, and sealed and sent forth as his act.

A plea that the writ was not signed by the clerk, as required by law, held good.

*Appeal from Sebastian Circuit Court.*

Hon. A. N. HARGROVE, Circuit Judge.

WILLIAM WALKER, for the appellant.

The right of a plaintiff to withdraw his demurrer to a plea in abatement or in bar, after it was overruled, and to reply, where the application to do so was in apt time, has never before been questioned in this State. This court has, in numerous instances, recognized the right of the plaintiff to withdraw his demurrer to a plea in bar and reply; and it would be an anomaly in pleading to deny a party pleading to the merits the same advantage given to one pleading a dilatory plea, not

TERM, 1867.]                    Clark *v.* Latham.

favored in law. See *Payne v. Bruton, 1 Eng., 278,* and *1 Chit. Plead., m. f. 500,* where it is stated that a plaintiff has been allowed to withdraw his demurrer to a plea in abatement and reply. The right of the court to grant the plaintiff leave to reply, after his demurrer was overruled, will hardly be questioned by this court. The replications were responsive to the pleas, and not nullities, and could not be stricken out on motion. *5 Ark., 141; 4 Ark., 455; 1 Eng., 196.*

But, if the court did not err in striking out the replications, the case must be considered as standing upon the demurrer to the pleas. And it is clear that they were informal and uncertain. Formal defects in pleas in abatement are reached by general demurrer. *7 Eng., 369.* In such pleas form is substance. *24 Ala., 329.* They are to be construed strictly, and are required to be certain, so as to exclude every conclusion against them. *4 Eng., 388; 1 Ch. Pl.*

DuVAL & KING, for appellee.

The pleas contained sufficient, if properly pleaded, to abate the appellant's suit and quash the writ of attachment; and the demurrer admitted all the facts.

The court could not, after overruling the demurrer of the appellant to the pleas in abatement, grant leave to reply. The only judgment in such a case is that the writ be quashed. *16 Ill., 306;* 2 *Gilman, 69; 20 Ill., 330; 1 Ch. Pl., 106.*

WALKER, C. J.

This is an action of debt, by attachment, to which several pleas in abatement were filed, for an alleged insufficiency of the writ and of the attachment bond. To these pleas demurrers were filed and overruled. It appears, from the record, that the plaintiff was given leave to reply, and did, on the same day, file several replications to each of the pleas in abatement. At a subsequent day of the term, the defendant moved the

2

court to strike the replications from the files, and to render final judgment in his favor, upon his pleas in abatement; which motion was sustained by the court, the replications stricken out, and final judgment rendered in favor of the defendant, and for costs. The plaintiff excepted to the opinion of the court, made the replications part of the record, and appealed.

The appellant contends that the judgment of the court below, upon his demurrer, was not necessarily final; and that, unless under extraordinary circumstances, it is the duty of the court, after demurrer overruled to a plea in abatement, to permit the plaintiff to reply to it; and that the court, in this instance, having granted such leave, under which replications were promptly filed, it was error, upon the motion of the defendant, to strike them from the files and render final judgment against her.

After a careful examination of most of the English cases, upon the authority of which the common law rule of practice seems to have been established, as well as of several American decisions in affirmance of the common law rule, we have been unable to find in any of them a satisfactory reason for holding that, where the judgment upon a plea in abatement is for the defendant, final judgment must as of right be rendered in accordance with the prayer of the plea. So to hold, certainly militates against the rule which disfavors dilatory pleas. Yet we find, upon looking into the authorities, that it is a well-established rule of the law, from which the American courts have not departed, that where an issue of either law or fact, upon a plea in abatement, is found for the defendant, the judgment is that the writ be quashed. *Tidd's Practice, 642; Stephen on Pleading, 107; Archbold's Civil Pleading, 315; Chitty's Pl., vol. 1, 466; McKinstry v. Pennoyer, 1 Scam., 319; Motherel v. Beaver, 2 Gillman, 69; Cushman v. Savage, 20 Ill., 330; Eddy v. Brady, 24 Ill., 306.* And, so absolute is this rule, that it has been held, that it is error to grant leave to reply after demurrer to a plea in abatement overruled. *1 Scam., 319; 2 Gillman, 69.*

In the State of Alabama, by statute, the rule has been changed. Skinner, Judge, who delivered the opinion of the court in *Eddy v. Brady*, remarked that he could see no good reason why, upon principle, where the demurrer is overruled, the judgment should be final, and the plaintiff should not be allowed to take issue upon the truth of the plea; but that, in the absence of a statute changing the practice, the courts were not at liberty to depart from it.

Upon examination of our statute, we find no provision under which this rule may be relaxed. And in accordance with the authorities cited, we must hold that, in this case, leave to the plaintiff to reply was improvidently granted, and that it was not error in the court below to strike them from the files and render final judgment for the defendant.

The replications having been disposed of, the plaintiff must be considered as resting upon her demurrer, as though no leave to reply had been asked.

The next question for our consideration, therefore, is as to the sufficiency of the several pleas in abatement.

The *first* and *third* pleas are intended to question the sufficiency of the attachment bond. The *first* denies that the *bond* was, at the time of filing the plaintiff's declaration, approved by the clerk before the writ of attachment issued. The plaintiff contends that the averment should have been, that the *attachment bond* had not been approved, &c., and that a statement that the "*bond*" had not been approved, was not sufficiently certain to bring it within the rule laid down by this court in *Moss v. Ashbrooks, 12 Ark., 369*, in which it is held that a plea in abatement should be framed with the greatest accuracy and precision, and certain to every intent. Under this rule, nothing is to be left to implication or intendment, and the plea should have described the bond as the attachment bond, and for this defect is held to be insufficient.

The averment in the *third* plea is, that the securities in the attachment *are* insufficient, and *are* insolvent.

This plea is clearly insufficient, because, apart from the ques-

tion, whether the sufficiency of the security can be questioned, by plea in abatement, under any circumstances, by this plea, for aught that appears, the securities may, at the time the bond was executed, have been solvent and sufficient, and have since become insolvent. The plea avers that they *are* not (that is, at the time of pleading) solvent; and for this defect the *third* plea will be held demurrable.

The *second* plea avers that the writ of attachment was not signed by the clerk, as required by law; and the *fourth* plea presents, substantially, the same question. The *fifth* plea is, that the writ was not signed by the clerk, *with his own proper hand,* nor by his lawful deputy. This may be all true, and yet if the clerk directed another to sign his name to the writ, in his presence, and for him, and he, the clerk, should thereupon affix his seal of office to it, and send it forth to be executed as his act, although the name was not signed *with his own proper hand,* we should hold it to be valid. Thus considered, the demurrer should have been sustained to the fifth plea.

The remaining pleas, the *second* and *fourth*, are well pleaded, and the court did not err in overruling the demurrers to them, and in rendering final judgment thereon.

Judgment affirmed.