## CAMPBELL *v.* HUDSON.

1. PLEA IN ABATEMENT—SUFFICIENCY—ABUSE OF PROCESS.
   Pleas in abatement setting up an abuse of the process of the court are to be treated as meritorious, and not merely dilatory or captious, and as such they should be liberally construed. A plea, therefore, alleging that defendant, a non-resident, was "decoyed" into the county where suit is brought, at the instigation of the plaintiff, for the purpose of obtaining service upon him, is sufficient.

2. WRIT OF ERROR—PLEA IN ABATEMENT—DEMURRER—JUDGMENT.
   A writ of error will lie from an order overruling a demurrer to a plea in abatement, since such order is in effect a final determination. The proper practice, however, is to enter a judgment quashing the writ to which the plea is interposed.

Error to Eaton; Smith, J. Submitted April 17, 1895. Decided October 1, 1895.

Case by Ella Campbell against Lester S. Hudson for malicious prosecution. From an order overruling a demurrer to a plea in abatement, plaintiff brings error. Affirmed.

*Smith, Lee & Day* and *William A. Fraser*, for appellant.

*M. V. Montgomery*, for appellee.

McGRATH, C. J. This cause comes here upon a writ of error from a judgment of the circuit court for the county of Eaton, overruling a demurrer to a plea in abatement. The plea alleges, in substance, that defendant, a resident of Ingham county, was decoyed into Eaton county at the instigation of the plaintiff for the purpose of obtaining service upon him of a copy of the declaration. After the allegations of residence in Ingham county at the time of the service and hitherto, and negativing residence in Eaton county, the plea avers that—

"Said defendant was decoyed into said county of Eaton, and, as said defendant is informed and believes, by the instigation and direction of said plaintiff, upon the pretense that he, said defendant, was wanted in said county of Eaton by a man who had with him, said defendant, some important matter of business; and that, at the time of the service of the copy of the declaration on file in this case upon him, said defendant, he, said defendant, was within said county of Eaton solely by reason of the invitation of said plaintiff, through said letter so instigated and inspired by her; and that service of said copy of said declaration in this cause upon him, said defendant, was procured only by his having been so induced by the writer of said letter in behalf of said plaintiff to go into said county of Eaton; and that he, said defendant, did not, and has not, and never has, consented to the service of said copy of said declaration, nor has said defendant ever consented to be sued in this cause, nor has he in any way submitted himself to the jurisdiction of the circuit court for the county of Eaton."

The plea concludes as follows:

"And so this defendant avers that said service of said copy of said declaration was made upon him, and his presence in said county of Eaton was procured, by and through the instigation of said plaintiff, by a trick and by fraud, and for the sole and only purpose of securing said defendant's presence in said county of Eaton, so that service of said copy of said declaration might be made upon him, as defendant is informed and verily believes. And all these things said defendant is ready to verify.

"Wherefore he, said defendant, prays judgment if said plaintiff ought to be answered to her said declaration."

The causes of demurrer assigned are as follows:

"1. For that the said plea, admitting service of the declaration in this cause, does not show unto the court sufficient cause why said defendant should not answer to the said declaration.

"2. For that the said plea, in averring that said defendant was decoyed into said county of Eaton, only avers a conclusion, and sets forth no facts.

"3. For that the said plea, in averring the belief of the

defendant that defendant was decoyed into the county of Eaton at the instigation and direction of the plaintiff upon a certain pretense that the said defendant was wanted in the county of Eaton by a man who had important business with the defendant, only states a conclusion, and avers no facts sufficient to maintain said plea.

"4. For that the said plea does not set forth, exhibit, or show unto the court here any sufficient fact or facts from which the court can determine that the service of said declaration upon the defendant was improperly made, or that the defendant was decoyed into the county of Eaton by a trick and by fraud, in order to obtain service of the declaration in said cause.

"5. For that the said plea is insufficient, and fails to state any facts to the court sufficient to show that the said defendant was not lawfully served with a declaration in this cause, and the prayer of said plea is based upon conclusions averred in the plea, and not on facts sufficiently stated; and also that the said plea is in other respects informal, uncertain, and insufficient."

Counsel for appellant do not attempt to point out any theory, consistent with the allegations of the plea, upon which the service might be sustained, or any inference that is not rebutted by the averments of the plea. The allegation that defendant was decoyed into the county of Eaton is a statement of fact. It cannot be said to be the mere inference of the pleader. The word "decoyed" is synonymous with "inveigled." In *Metcalf* v. *Clark*, 41 Barb. 45, the allegation in the motion was that defendant had been, "through the instrumentality of the plaintiff or of those acting in his behalf, inveigled into the State for the purpose of effecting service upon him of the summons in this action." In *Higgins* v. *Dewey*, 13 N. Y. Supp. 570, the averment was that defendant "had been inveigled by plaintiff to come within the jurisdiction of the court." The question of the sufficiency of this averment is discussed by the court in the latter case, and the court say: "To inveigle, in a legal sense, is to induce a party to come within the jurisdiction of the court, by some

scheme, subterfuge, fraud, trick, device, or misrepresentation, that he may be served with process."

It is not necessary that the evidence should be set forth in the pleading, or to state circumstances which merely tend to prove the truth of the fact stated. "The dry allegation of the fact, without detailing a variety of minute circumstances which constitute the evidence of it, will suffice." 1 Chit. Pl. chap. 3, pp. 214, 225. The same rules do not apply to a plea as to an affidavit for a *capias*. The statement of facts must be sufficiently complete and certain, so that the conclusion of law prayed for may be predicated thereon. A plea in abatement must be so complete and certain that the court can see that no answer can be made to its allegations but a denial of their truth or sufficiency. 1 Chit. Pl. p. 446. But pleas involving the abuse of the process of the court are not regarded with the same strictness as pleas setting up a mere failure of process or the jurisdiction of the court. They are not treated as captious or dilatory pleas, but as meritorious. Puter. Pl. & Prac. p. 151. The highest degree of certainty is required only in such pleas as are odious or unfavorably regarded in law. Dilatory pleas are so regarded, because the object is to defeat suits upon grounds unconnected with the merits. Gould, Pl. p. 76, § 58.

In *Copas* v. *Provision Co.*, 73 Mich. 541, 545, it is said:

"Courts will not permit jurisdiction of non-residents to be acquired by fraud, either in procuring personal or constructive service of its process. * * * And while we think a plea in abatement would have been the better practice, we are not prepared to hold that it could not be set up, as in this case, in a notice of defense under the general issue. Here there has not been a failure of proper process. In such a case the failure affects only the defendant, while here the fraud affects the integrity of the process of the court."

· In *Wallace* v. *Clark*, 3 Woodb. & M. 359, it was held that a plea to the jurisdiction, on the ground that a demand

had been colorably assigned in order to evade a discharge under the insolvent law, was not to be treated as dilatory and captious, like some pleas in abatement, but was to be liberally construed.

In *Scott* v. *Waller*, 65 Ill. 181, the plea, after alleging a residence in McLean county, and negativing a residence in Cook county, alleged that defendant had "not-been found or served with process in said county of Cook, or elsewhere than in said county of McLean," and it was held good, upon the ground that it was not a plea to the jurisdiction, but in abatement of the writ only. *Kenney* v. *Greer*, 13 Ill. 432; *Hamilton* v. *Dewey*, 22 Ill. 490; *Humphrey* v. *Phillips*, 57 Ill. 132.

In *Hurlburt* v. *Palmer*, 39 Neb. 158, a plea that all the defendants were, at the time of the commencement of the action, residents of another county; that by the abuse of the criminal process of the State a codefendant was taken from a jail in the county where all the defendants resided to the county in which the suit was brought, and there served with process, and thereafter returned to said jail; and that such abuse of criminal process and service was resorted to for the purpose of obtaining jurisdiction of the persons of the defendants who so pleaded,—was held good.

As is said in *Chubbuck* v. *Cleveland*, 37 Minn. 466, the objection, strictly, is not that the court has not jurisdiction of the person, but that it ought not, by reason of the alleged fraud, to take or hold jurisdiction of the action.

In *Townsend* v. *Smith*, 47 Wis. 623, 626, the court say:

"This remedy is not given upon the ground that, by reason of the fraud, the court did not get jurisdiction of the person of the defendant by the service, but upon the ground that the court will not exercise its jurisdiction in favor of the plaintiff who has obtained service of his summons by unlawful means."

The plea being a meritorious one, the same rules are applicable thereto as to other pleadings of that character, and it must be regarded as sufficient.

The court below did not enter judgment, but merely entered an order overruling the demurrer, and it is contended by appellee that the order was not final, and therefore not appealable. The order, although not in form final, was in substance and effect a final determination, and the court should have entered judgment quashing the writ. Puter. Pl. & Prac. 150; Gould, Pl. 277; Steph. Pl. 134; *Kerr* v. *Willetts,* 48 N. J. Law, 78; *Clark* v. *Latham,* 25 Ark. 16; 1 Enc. Pl. & Prac. 30.

The judgment is affirmed.

The other Justices concurred.