THE E. O. PAINTER FERTILIZER COMPANY, A COR-
PORATION, *Plaintiff in Error*, v. CHARLES A.
DUPONT, *Defendant in Error*.

1. Under the statute a defendant, a natural person, has a right
to have an action that is brought against him begun in the
county where he resides, unless the cause of action accrued
in another county of the state, or unless the property in
litigation is in another county of the state.

2. A plea of the statutory right or privilege to have an action
brought against a natural person begun in the county where
he resides is a plea in abatement, but it is not a denial of the
jurisdiction of the court over the person of the defendant, and
the filing of pleas to the merits with such a plea is not under
our system an implied waver of the plea in abatement in the
absence of anything in the record to indicate a waiver or an
abandoment of the plea of privilege.

3. A plea in abatement to the venue filed with pleas to the
merits does not prejudice or embarrass or delay a fair trial of
the action, and when properly interposed in good faith should
not be stricken.

4. In an action when issue is joined on a plea claiming the
privilege of the defendant to have the action begun in the
county of his residence and also on pleas to the merits, and
the evidence clearly shows that the cause of action accrued in
the county of defendant's residence, it is not error to direct a
verdict for the defendant on the plea of privilege.

This case was decided by Division A.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of
the court.

*Bryan & Bryan* and *Geo. P. Fowler*, for plaintiff in
error;

*Cooper & Cooper* and *A. H. Mickler,* for defendant in error.

WHITFIELD, J.—On December 15th, 1906, the plaintiff in error brought an action of assumpsit in the circuit court for Duval county against the defendant in error. The defendant filed six pleas, the first being in abatement to the venue averring the right to have the action begun in St. Johns county where he resides, and where he avers the cause of action accrued; the other pleas were to the merits. The first plea prayed that the declaration be quashed. Issue was joined on pleas two to six inclusive. The defendant moved to strike the first plea to the venue on the grounds that such plea was waived by pleading to the merits, and that the plea tended to hinder and delay justice. This motion was denied May 4th, 1907, and issue was also joined on the first plea. At the trial, June 1st, 1907, the court directed a verdict and entered judgment for the defendant on the issue made upon the first plea claiming the privilege to have the action begun in St. Johns county where the defendant resides. The other issues were left undisposed of. A motion for new trial was overruled, the plaintiff excepted and took writ of error. Errors are assigned on the orders (1) refusing to strike the plea of privilege (2) directing a verdict for defendant on the plea of privilege and (3) denying the motion for new trial.

At common law a defendant was required to present pleas singly and in a particular order. In general the filing of a plea to the merits waived the dilatory pleas that might have been previously filed. Tidd's Practice 630; Tyler's Stephens on Pleading 370; Metcham v. Dorge, 11 Rich. (S. C.) 196; Taylor v. Kelly, 13 Ark. 101. The delay and inconvenience incident to present-

19—Vol. 54

ing pleas in successive order led to statutory changes to facilitate the disposition of litigated causes.

The General Statutes provides: Section 1454 "All pleas shall be sworn to,. either by the defendant or his agent or attorney. But it shall be no objection to any plea •that it is contradictory to any other plea filed by the same party at the same time." Section 1455 "The defendant may plead as many matters of fact as he may deem necessary to his defense."

Pleas are required to be sworn to as evidence of the good faith of the pleader. State *ex rel.* Edwards v. County Commissioners of Sumter County, 22 Fla. 1.

In the case of Putnam Lumber Co., v. Ellis-Young Co., 50 Fla. 251, 39 South. Rep. 193, pleas to the merits were presented with what were called pleas challenging the jurisdiction of the court over the defendant, a non-resident corporation. It was held that the denial of the jurisdiction of the court over the non-resident defendant corporation was not a plea within the meaning of the statues above quoted, and that under the established practice in this state any voluntary step in a cause taken by a defendant that in effect recognizes the jurisdiction of the court over the defendant, operates as a waiver of the challenge or denial of the jurisdiction of the court over the defendant. See also, Ray v. Trice, 48 Fla. 297, 37 South. Rep. 582; Dudley v. White, 44 Fla. 264, 31 South. Rep. 830; Oppenheimer v. Guckenheimer, 34 Fla. 13, 15 South. Rep. 670; Parkhurst v. Stone, 36 Fla. 456, 18 South. Rep. 594; Florida Cent. & P. R. Co., v. Peacock, 44 Fla. 176, 33 South. Rep. 247; Florida Ry. Co. v. Gensler, 14 Fla. 122.

Section 1383 of the General Statutes provides that "Suits shall be begun only in the county where the defendant resides, or where the cause of action accrued, or where the property in litigation is." Under this

statute a defendant, a natural person, has a right to have an action that is brought against him begun in the county where he resides, unless the cause of action accrued in another county of the state, or unless the property in litigation is in another county of the state.    See McDougall, Admr., v. Lee, Exr., 2 Fla. 532.

Objections to the venue that do not appear on the record should be made by plea in abatement.    Bucki v. Cone, 25 Fla. 1, 6 South. Rep. 160.    A plea of the statutory right or privilege to have an action brought against a natural person begun in the county where he resides is a plea in abatement, but it is not a denial of the jurisdiction of the court over the person of the defendant.    It avers a right or privilege to have the action begun in another county named in the plea.    A proper service of process or an appearance gives the court jurisdiction of the person of the defendant, and the court may proceed to a determination of the cause unless the statutory privilege to be sued in another county exists and is duly pleaded and is not waived.    The privilege given by the statute to a defendant who is a natural person may be expressly waived, or it may be impliedly waived as by failing to plead it, or by abandoning it after it is pleaded; but the record should -in some way show the waiver.    A general appearance or a stipulation not relating to the venue is not an implied waiver of the privilege.    Curtis v. Howard, 33 Fla. 251, 14 South. Rep. 812; see also Edwards v. Bank, 1 Fla. 136, text 155.

The presentation of pleas to the merits or in bar with a plea of the privilege to be sued in the county where the defendant a natural person resides or with other pleas in abatement has not been regarded as an implied waiver of the right or privilege.    See Gibbs v.

Davis, 27 Fla. 531, 8 South. Rep. 633; Hanover Fire Ins. Co. v. Lewis, 28 Fla. 209, 10 South. Rep. 297.

Where a demurrer to a plea in abatement is sustained the judgment should be *respondeat ouster,* that defendant answer over. I Enc. Pl. & Pr. 30 and authorities cited. If the privilege is properly pleaded and issue is joined thereon, and there are no other pleas, on a finding for the plaintiff the appropriate judgment is *quod recuperet,* that the plaintiff recover. Bishop v. Camp., 39 Fla. 517, 22 South. Rep. 735. Where the defendant succeeds on a plea in abatement, whether the issue be one of law or of fact, the judgment should quash the writ or declaration. Campbell v. Hudson, 106 Mich. 523, 64 N. W. Rep. 483; Clark v. Latham, 25 Ark. 16; Tyler's Stephens on Pleading 134; I Tidd's Practice, 642; 4 Minor's Inst. 955; Russ v. Mitchell, 11 Fla. 80.

The common law practice of having appearance and trial terms entailed delay in the disposition of causes. To remedy this, appearance terms were abolished by statute in this state, and the first Monday in each month is designated as rule day for the circuit and county courts when process is returned, appearances are entered, pleas filed and causes are matured for trial. The statute requires declarations to be filed on or before a stated rule day, appearances to be entered on the return day of the writ of summons, pleas to be filed on the rule day succeeding that on which the declaration is filed, and all causes to be matured for hearing at the next term as the rules provide. Circuit Court Rules 15 and 17, which have the force of law provide that all pleas shall be filed at the rule day next succeeding the rule day on which appearance is required to be entered or next after the declaration is required to be filed, and that there be no distinction between appearance and trial

terms; pleas in abatement and other dilatory pleas shall be filed within the same time as other pleas are required to be filed by law, and be subject to like rules in regard thereto. The statute authorizes a defendant to plead as many matters of fact as he may deem necessary to his defense, and Circuit Court Rule 60 contemplates the trial of several issues of fact at one time.

A plea in abatement to the venue that under the statute the action should have been begun in another county is not a denial of the jurisdiction of the court over the person of the defendant, and the presentation of pleas to the merits or in bar with a plea in abatement to the venue shows good faith and a design to avoid a judgment of *quod recuperet* without a hearing on the merits. Where there are several issues of fact, they may be disposed of as the court directs. In this case the plea in abatement to the venue was the first of the pleas filed and there is nothing shown by the record to indicate an intention to abandon it. On the contrary, testimony in support of it was duly presented.

The policy of the law ascertained by the above considerations is that the presentation of the pleas to the merits or in bar along with a plea, not denying the jurisdiction of the court over the person of the defendant, but in abatement to the venue because the action was not begun in the proper county, does not impliedly waive the plea in abatement, at least in the absence of anything in the record to indicate a waiver or an abandonment of the plea duly filed. See Jas. River &c v. Robinson, 16 Gratt. (Va.) 434, text 440; Reynolds v. Cook, 83 Va. 817, text 825, 2 S. E. Rep. 710; 4 Minor's Inst. 739, 1164; St. Lewis, A. & T. Ry. Co. v. Whitley, 77 Tex. 126, 13 S. W. Rep. 853; Equitable Mortg. Co. v. Weddington, 2 Tex. Civ. App. 373, 21 S. W. Rep. 576.

This rule is in effect recognized by Chapter 5337 Laws of Florida, which provides that "pleas to the jurisdiction or in abatement may be pleaded in any action with pleas in bar or to the merits, and such pleas shall be tried at the same time and together or separately, as the court may direct or see fit to do." This act became effective May 27th, 1907, after the motion to strike the plea of privilege in this case was denied, but before the trial was had.

The statute authorizes the striking of any pleading that is so framed as to prejudice or embarrass or delay the fair trial of the action, but pleas will not be stricken if they are relevant and not improper. See Russ v. Mitchell, 11 Fla. 80; State ex rel. v. A. C. L. Ry. 53 Fla. 650, 44 South. Rep. 230; Wefel v. Stillman, Ala. 44 South. Rep. 203.

As the issues of fact made on the plea in abatement and the pleas to the merits could be determined under the instructions of the court, the plea in abatement did not tend to hinder or delay justice, and the motion to strike it was properly denied.

Issue was joined on the plea averring the statutory right to have the action begun in the county where the defendant resides as well as on the pleas to the merits. By direction of the court the jury found for the defendant on the issue made by the plea in abatement. The verdict rendered by direction of the court properly left the pleas to the merits undisposed of. Final judgment was entered that the defendant go hence and recover his costs; but no assignment of error is based on its form. The judgment does not quash the writ or declaration, but it in effect adjudges that under the statute the action was not properly begun in Duval county. As to this issue alone, therefore, the judgment may become *res adjudicata.*

Upon the issue made on the plea of the statutory right or privilege of the defendant to have the action begun in the county of his residence, the evidence, as shown by the bill of exceptions, is such that the jury could not lawfully have found for the plaintiff thereon. Application for purchase of the goods was made in St. Johns county through the resident agent of the plaintiff. The price and terms of sale made by the plaintiff were accepted in St. Johns county. The goods were shipped from Duval county consigned to the agent of the plaintiff in St. Johns county and there delivered to defendant. The action is brought for failure to pay for the goods that were delivered to the defendant in St. Johns county. It is clear on the showing made that the cause of action accrued in St. Johns county where the defendant resides. The direction to find for the defendant on the first plea was not error. This in effect disposes of all the assignments of error.

On this writ of error both parties have treated the motion to strike the plea of privilege and the ruling thereon as being properly presented here in the transcript of the record proper and not in the bill of exceptions.

This being a matter of practice, and it being desirable to have a decision on the effect of filing pleas of privilege as to the location of the action along with please to the merits or in bar, the motion is disposed of as presented without passing upon the question whether or not the motion to strike the plea and the ruling thereon should be presented in the record proper and not in the bill of exceptions as contained in the transcript. Sections 1493 and 1494 of the General Statutes contain provisions as to what matters should be presented to the appellate court by bill of exceptions.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.