BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.

———————————

CHAS. H. BROWN, *et al., Plaintiffs in Error,* v. GEORGE BOOTH, *Defendant in Error.*

Opinion Filed January 24, 1917.

Petition for Rehearing Denied March 2, 1917.

1. Where a promissory note is executed in a county by a resident of that county, action thereon should be brought in that county, though the note was made payable in another county.

2.  Where a plea of privilege as to the venue is sustained, the judgment should be that the action abate not that the defendant go hence without day.

Writ of Error to Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment reversed.

*H. S. Hampton* and *F. J. Hampton*, for Plaintiffs in Error;

*Thomas Palmer* and *Dickenson & Dickenson*, for Defendant in Error.

PER CURIAM.—An action was brought in Hillsborough County on a promissory note. A plea averred that the note was in fact executed and delivered in Pinellas county; that the defendant resided in and was served with process in the cause in Pinellas county, and claims his privilege of being sued in such latter county. A demurrer to the plea was overruled, and the plaintiffs not desiring to further plead, judgment was rendered that the plaintiffs take nothing by their plaint and that the defendants go hence without day. On a writ of error it is contended that as the note is made payable at a bank in Hillsborough county the cause of action accrued in that county, and that the action was properly brought in Hillsborough county.

The provisions of Section 3006, 3008 of the General Statutes of 1906, relative to the place and time for presentation for payment of negotiable instruments made payable at a bank, do not make a cause of action accrue in a county where a note is made payable, when

the note was in fact made in another county by a resident of such other county. In this case upon sustaining such plea of privilege the judgment should have been that the declaration be quashed and the action abated, as such plea did not present any issue affecting the merits of the controversy between the parties. See E. O. Painter Fertilizer Co. v. DuPont, 54 Fla. 288, 45 South. Rep. 507.

The judgment as rendered is reversed and the cause is remanded for a proper judgment.

BROWN, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD, and ELLIS, JJ., concur.