## CHIPMAN *v.* PERDUE.

## Opinion delivered October 7, 1918.

1. EXECUTORS AND ADMINISTRATORS—AUTHENTICATION OF CLAIM —
   SIGNATURE.—A claim against an administrator as such is sufficiently
   authenticated where the claimant, after directing his son to sign his
   name to the claim, appeared before an officer and acknowledged and
   approved the signature.

2. DEPOSITION—MOTION TO SUPPRESS.—Where a motion to suppress a
   deposition went to the whole of the deposition, though part of it was
   competent, it was proper to overrule the motion.

3. EXECUTORS AND ADMINISTRATORS—DISPUTED CLAIMS—JURY TRIAL.—
   Upon the trial of a disputed claim against an administrator, either
   party may, under Kirby's Digest, § 128, require a jury.

4. APPEAL AND ERROR—HARMLESS ERROR—FAILURE TO ALLOW JURY
   TRIAL.—Where the undisputed evidence established the validity of a
   claim against an administrator, he was not prejudiced by the court's
   refusal to allow him a jury trial.

Appeal from Union Circuit Court; *C. W. Smith,*
Judge; affirmed.

*Aylmer Flennekin,* for appellant.

1. The claim was not properly authenticated. Kir-
by's Digest, § 114; 66 Ark. 327; 48 *Id.* 304; Kirby's Di-
gest, § 7799; 70 Ark. 449.

2. It was error to refuse a jury trial. 109 Ark.
534; 4 *Id.* 158; 56 *Id.* 391; 75 *Id.* 443. It was not waived.
K. & C. Dig., § § 7609, 7651.

3. The court erred in not suppressing the deposi-
tion of Alex Perdue. Kirby's Dig., § 3093. He was not
a competent witness.

*Caldwell & Triplett,* for appellee.

1. The judgment is not contrary to the evidence. The
evidence fails to show payment.

2. If a trial by jury had been granted appellee would
have been entitled to a directed verdict.

3. The claim was duly authenticated. The signa-
ture was directed. 25 Ark. 16; 35 *Id.* 198; 36 Cyc. 451;
4 Words & Phr. (2 series), 585-6. An affidavit to a claim
against an estate need not be signed at all. 23 Ark. 16,
347.

4. A jury trial was not necessary. 9 Ark. 259; 26 *Id.* 281, 291; 32 *Id.* 553; 40 *Id.* 290; 48 *Id.* 426; 50 *Id.* 266; 72 *Id.* 161; 99 *Id.* 1, 16; 24 Cyc. 102, 104-6-7, 131; 124 Ark. 569; 40 *Id.* 290, 296-7. A party appealing from a judgment of the county court has no right to a jury in the circuit court. 24 Cyc. 148; 123 Ark. 458; 32 *Id.* 553; 40 *Id.* 290, 296.

5. Alex Perdue was a competent witness. Kirby's Digest, § 3093; 16 Ark. 271; 18 *Id.* 123; 48 *Id.* 177; 107 *Id.* 494. His testimony did not pertain to transactions between himself and deceased. Part of his testimony was at least competent and it was error to suppress it entirely.

HUMPHREYS, J. On the 28th day of October, 1915, Alex Perdue presented to appellant, administrator of the estate of J. J. W. Smith, deceased, a note of date February 20, 1904, for allowance, showing a balance due thereon of $1,446.21, after deducting all credits which were entered on the back of the note. Attached to the note was an affidavit of authentication. Appellant disallowed the claim, whereupon appellee presented the claim to the probate court of Union County, Arkansas, upon due notice to the administrator. The probate court allowed the claim, from which an appeal was prosecuted to the circuit court of Union County.

Appellant's defenses against the claim in the circuit court were: first, that the affidavit of authentication was not signed by Alex Perdue himself, but that his name was signed by his son who failed to witness it in writing; second, that the note was paid by J. J. W. Smith in his lifetime.

The circuit court tried the cause without a jury upon the issues joined and evidence adduced and rendered a judgment against the administrator in the sum of $1,446.21. From the judgment an appeal has been prosecuted to this court.

It is insisted that the court erred in admitting the note in evidence as authenticated. The evidence dis-

closed that Alex Perdue could write but that, instead
of signing his own name, he directed his son to sign it to
the affidavit of authentication for him. His son did as
directed, but did not attest the signature as a witness.
Appellant cites section 7799 of Kirby's Digest in support
of his contention that appellee's signature should have
been attested by the signature of his son in order to
render it effective. This section has no application what-
ever to a person who does not attempt to sign his name
by mark. The statute referred to does not render an
unattested signature by mark void. A signature by mark
unattested would be valid if proved. The effect of at-
testing a signature by mark in the manner provided by
statute is to render it a *prima facie* signature. If not
attested in the manner provided by the statute, a signa-
ture by mark may be otherwise established. *Ex parte
Miller,* 49 Ark. 18; *Davis* v. *Semmes,* 51 Ark. 48; *Fakes*
v. *Wilder,* 70 Ark. 449; *Ward* v. *Stark,* 91 Ark. 268; *Daw-
kins* v. *Petteys,* 121 Ark. 498. A directed signature is
as effective as if written by the party directing it. *Clark*
v. *Latham,* 25 Ark. 16; *Weaver* v. *Carnall,* 35 Ark. 198.
Especially would that be true where the party himself
appeared before an officer and acknowledged the signa-
ture and approved the authorized or directed signature,
as was done in this case.

Again, it is insisted by appellant that the court erred
in not suppressing the deposition of appellee on the
ground that he testified to transactions between himself
and the deceased. It is true that a party to a suit be-
tween himself and the administrator of an estate can not
testify to transactions between himself and the deceased.
Kirby's Digest, section 3093. But it is likewise true
that a party to a suit against an administrator may
testify to matters not concerning transactions between
himself and the deceased relative to the issues involved.
Practically all of Alex Perdue's evidence pertained to
matters not touching transactions between himself and
J. J. W. Smith. He gave testimony as to the ownership
of the note, the manner of authenticating same, etc. The

motion to suppress the deposition went to the whole deposition, competent as well as incompetent parts thereof. It was therefore proper to overrule the motion. *Hempstead* v. *Johnson,* 18 Ark. 123.

Appellant insists that the court erred in denying him a jury trial. Appellant is correct in this contention. The statute is plain. Sections 127 and 128 of Kirby's Digest are as follows:

Sec. 127. ''The court shall hear and determine all demands presented for allowance under this act, in a summary manner, without the forms of pleading, and in ʻaking testimony shall be governed by the rules of law in such cases made and provided.''

Sec. 128. ''If neither party require a jury, the court shall decide the validity of the claim, and allow or disallow it; but, if either party require a jury, the court shall direct a jury to be forthwith summoned.''

It does not necessarily follow that, because the court committed error in this regard, the judgment must be reversed. In order to work a reversal, the error must have been prejudicial. Appellant admitted that his intestate executed the note and, by way of defense, pleaded payment. The burden was upon appellant to establish payment. The only evidence tending to prove payment were the credits on the back of the note and the evidence offered by appellee showing the correctness of them. All these credits were allowed. Giving the evidence offered by appellant in support of payment its greatest probative force, it amounts to nothing higher than surmise. Only one witness testified on the issue of payment in behalf of appellant. This witness was R. Q. Thompson, an uncle of deceased. The substance of his testimony, as abstracted by appellant, is as follows:

''J. J. W. Smith was my nephew. I raised him. We were in business together. From my relation with Smith I believe the note has been paid. Smith talked to me freely about his business.''

The undisputed evidence established the claim, and it was therefore the duty of the court to have directed

a verdict even if it had been tried by a jury. No prejudice could, or did, result to appellant on account of the denial of a jury trial.

No error·appearing, the judgment is affirmed.