SUPREME LIFE AND CASUALTY COMPANY *v.* WALLS.

Opinion delivered January 20, 1930.

896

*John A. Hibbler,* for appellant.

*H. B. Mixon,* for appellee.

BUTLER, J. The appellant company, on the 17th day of January, 1926, issued to David Wall a life insurance policy, insuring his life for the sum of $1,000, to be paid at his death to Chas. Wall, Rosa Wall and Louisa Wall, jointly. Chas. Wall was the father, and Rosa and Louisa were the sisters, of David Wall, who, at the time of the issuance of the policy, was an unmarried man. Later David Wall married the appellee, Carrie Wall.

The insurance policy in controversy contained the following clause: "If there is no existing assignment of this policy made as herein provided, the insured at any time during its continuance may designate a new beneficiary by filing written notice at the home office of the company, accompanied by the policy for a suitable indorsement thereon."

The testimony introduced on behalf of the appellee tended to show that John Gay, who had at one time been the agent of appellant company, and who took the application of the insured, David Wall, and procured for him the policy sued on, at the request of the said Wall on December 10, 1928, wrote a letter addressed to the appellant company at its home office, in which letter it was stated that the insured desired to change the beneficiaries in his policy from those originally named to the appellee, Carrie Wall, wife of the insured, and Charles Wall, his father, the proceeds of the policy to be paid one-half to each of the two persons substituted as bene-

ficiaries; that in this letter was inclosed the policy; that it was sent by registered mail and was delivered to the appellant at its home office on December 15, 1928. One or more witnesses testified that, the insured had stated that it was his intention to give his wife an interest in his insurance. At the time the above letter was written, Wall was in good health, but shortly thereafter he sickened, and died on the 4th day of January, 1929.

On March 23, 1929, a letter was written at the instance of Carrie Wall, notifying the company of her claim as one of the substituted beneficiaries. On May 14th, following, the appellant company, ignoring the letter of March 23d, paid the proceeds of the policy to Rosa Wall, Chas. Wall, and to J. F. Hunter, administrator of the estate of Louisa Wall, deceased. On July 3, 1929, Carrie Wall gave notice to the appellant company that, she would move the court to require it to produce the original letter written by Gay, as agent of David Wall, on December 10, 1928, signed, "David Wall by John R. Gay," and on the 8th day of July, 1929, filed this suit. On the 9th day of July, 1929, the court made an order directing the appellant company to produce the life insurance policy involved in this case, and the letter of December 10, 1928, signed by David Wall by John R. Gay, his agent. The appellant filed the original policy, on which no notation of change of beneficiary had been made, but did not file the original letter, but a purported copy of the same. No explanation was made by any one in the home office, as to why the original letter was not produced, but a witness for the company, one Luther W. Moore, a resident of Little Rock, and State manager of appellant for Arkansas, testified that he was familiar with the files and correspondence relative to the policy in question, and identified the purported copy of the letter of December 10, 1928, as a true copy of the letter sent to him, together with the policy. This copy was offered in evidence, with the explanation that he did not get the original letter, because the home office

kept few of the originals, as they were written by illiterate people, and were very hard to decipher, so that it was the system of the company to make copies of same, and to file them. This is all witness appeared to know about the matter. The court refused to permit the introduction of the purported copy of this letter, and we think properly.

At the hearing of the case on July 15, 1929, the chancellor found that on the 10th day of December, 1928, David Wall caused a letter to be written by his agent, John R. Gay, to the appellant company, and in said letter requested the company to change the beneficiaries named in his policy, so that, at his death, the proceeds should be paid to Carrie Wall and Chas. Wall jointly, and that said letter was delivered to the company at Columbus, Ohio, on December 15, 1928; that proof of death was duly given, and that the company refused to pay any part of the proceeds of the policy to Carrie Wall, but paid the sums of $333.33, respectively, to Chas. Wall, Rosa Wall, and the administrator of the estate of Louisa Wall, deceased; that such administrator, by order of the probate court, had paid the plaintiff, Carrie Wall, the sum of $111, as her dower interest in the sum paid to such administrator, and the court found for the plaintiff, Carrie Wall, in the sum of $500, less $111, received by said plaintiff, as aforesaid, and judgment was entered against the defendant company for the sum of $389, with twelve per cent. penalty and attorney's fee of $50, together with costs.

It is argued by the appellant company that there was no proof that Carrie Wall was the widow of David Wall, deceased, and that such allegation in the complaint was specifically denied in the answer. We think the evidence is sufficient to show that the appellee was the wife of David Wall, as reference to her, as such, is made from time to time in the testimony.

Appellant also assigns as error the refusal of the court to permit the introduction of the purported copy

of the letter of December 10, 1928. As we have seen, there was no explanation given as to why the original letter could not be produced by any one who had the matter in charge, and, we think the court properly excluded the purported copy from the consideration of the jury.

The third assignment of error, pressed by the appellant, is for alleged error in the court's finding that the letter of December 10, 1928, requesting change of beneficiaries, was received by the home office of the company. The appellee proceeded for the production of the original letter as provided in § 4142 of Crawford & Moses' Digest, which section is as follows: "The court, in an action by equitable proceedings, shall have power, on sufficient cause shown by affidavit, due notice of the application having been given to the adverse party, to require the parties, or either of them, to produce books, deeds or other writings in their power, which are alleged to contain evidence pertinent to the matter in controversy." Having made the required affidavit, after appellee had given notice of its application, she was entitled to the order made by the court on July 9, 1929. As we have seen, the appellant failed to comply with that order, and gave no explanation for its failure to do so.

Section 4143 of Crawford & Moses' Digest provides that, where the party fails to produce the document called for, without satisfying the court that it is not within its power, "the court may take the allegations in regard to the books, deeds and writings not produced, as confessed." It follows, therefore, that the court was justified in making the finding in accordance with the allegation of the complaint filed in this action.

There is no merit in appellant's fourth contention, namely, that John R. Gay was not the agent of David Wall, for the purpose of writing the letter of December 10, 1928. The evidence is sufficient to show that the writing of the letter must be considered as the direct act

of David Wall, for he was present directing how the letter should be written, and the letter was signed, "David Wall per John R. Gay," in Wall's presence, and at his direction. "The rule is well settled both in England and in the United States that an act done by one person in the presence of another, and by his direction or with his consent, as the signing or execution of a written or sealed instrument, for example, is not regarded as an act of an agent, but is the direct act of the person by whose direction it was done." 21 R. C. L. 1 (Principal and Agent). See also *Clark* v. *Latham*, 25 Ark. 16; *Chipman* v. *Perdue*, 135 Ark. 559, 205 S. W. 892.

It is lastly contended by the appellant that the court erred in assessing penalties and attorney's fee against the appellant, because the judgment was for less sum than the sum demanded by the appellee before suit was filed. The rule is well settled that, where demand is made under an insurance policy which upon a trial is found to be unjust, no penalty can be exacted or attorney's fee assessed against the insurance company. This is the effect of the statute and our decisions, but from the testimony in this case it is conclusive that $500 was demanded in March, and that the demand at that time was correct. That was the amount for which suit was brought on July 8, 1929, and, if nothing had been paid to the appellee before that time, certainly, in view of the holding of the chancellor that was the sum to which she was entitled. The evidence shows that appellee had been paid $111 by the administrator of the estate of Louisa Wall, but in no place does the record disclose when such payment was made. If it had been made before July 8, 1929, of course, the appellee sued for more than she was entitled to, but, if payment was made after that date, then she only demanded what was her just due. Since the chancellor has determined that the statutory penalty and attorney's fee should be assessed against the appellant, indulging the presumption that his judgment was sup-

ported by the evidence, when the record is silent, we must conclude that the payment of the $111 must have taken place between the date of the filing of the suit and that of the decree.

On the whole case, we think the findings of the chancellor are not against the preponderance of the evidence, and that the conclusions reached are justified. The decree is therefore affirmed.