### Dorothy A. SPICER *v.* COLONIAL PENN LIFE INSURANCE COMPANY

5-5156                                      449 S. W. 2d 704

#### Opinion delivered February 9, 1970

*Frierson, Walker & Snellgrove,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellee.

George Rose Smith, Justice. The appellee, Colonial Penn Life, insured the life of the appellant's husband, Jim E. Spicer, for $10,000, under a group policy issued to the Disabled American Veterans, of which Spicer was a member. Spicer died a few months later, after four monthly premiums had been paid. The insurer denied liability on the ground that Spicer did not personally sign the application for the policy. The only question here is whether the circuit court was right in sustaining that defense to this action upon the policy.

Colonial Penn Life agreed with the D. A.·V. to issue the group coverage regardless of the health of the ap-

plicants if at least ten percent of the D. A. V. membership joined in the plan by July 1, 1968. Leaflets explaining the plan and containing an application for insurance were sent to the D. A. V. members. There was no personal solicitation nor any medical examination of the applicants.

Spicer applied for the insurance, truthfully stating in his application that he had multiple sclerosis. The application form contained a blank signature line, with this accompanying directive: "Sign Your Name Here." At Spicer's request, and in his presence and that of his mother-in-law, Spicer's wife signed his name to the application, because Spicer's eyesight had begun to fail. In due course the company mailed a certificate of coverage to Spicer. Neither the promotional leaflet nor the certificate, which were the only documents received by Spicer, contained any request for a personal signature, other than the directive that we have quoted.

In denying liability after Spicer's death the company relied upon a provision in the master policy which fixed the effective date of coverage "if the Company has received the individual application personally completed and signed by the proposed Insured," and the initial premium. It was stipulated that one of the company's underwriters would have testified that in view of the liberal offer of coverage to members of the D. A. V., all of whom have some disability, the requirement that the application be personally completed and signed by the applicant was felt to be of extreme importance, and that if it had been known that Spicer did not complete and sign the application the company in good faith would not have issued the certificate of insurance.

Upon the undisputed facts the insurer's defense must fail. In the absence of a specific requirement that one's signature be written personally, as in the Statute of Wills, a signature made for a person in his presence and at his request is as effective as if written by the

person himself. *Chipman* v. *Perdue,* 135 Ark. 559, 205 S. W. 892 (1918). Hence Mrs. Spicer's action in signing her husband's name satisfied the directive, "Sign Your Name Here."

In common fairness, if the company intended to attach exceptional importance to a personal signature, it should have inserted unmistakable notice to that effect in the form of application. In a very similar case the combined promotional leaflet and application purported to describe the coverage of the policy, with its exceptions. We held that the company could not introduce new limitations in the master policy that would have reduced the coverage that the applicant had a right to expect. *Lawrence* v. *Providential Life Ins. Co.,* 238 Ark. 981, 385 S. W. 2d 936 (1965). In like manner, inasmuch as the application in this case gave no indication to the applicant that something more than a legally sufficient signature was required, no such extraordinary requirment could validly be inserted in the master policy, without notice to the insured.

Reversed, with judgment to be entered here in favor of the appellant in the amount of the policy, plus a 12% statutory penalty and a $2,000 attorney's fee.