# PREROGATIVE COURT.

In the matter of the Probate of the last will of WILLIAM
G. ALPAUGH, deceased.

Where it does not appear whether the testator did or did not sign the
will or acknowledge the signature to be his in the presence of the witnesses,
but the testator, after his name was signed to the will, declared it to be his
will and asked them to sign it as witnesses, and the attestation clause is
in the handwriting of the testator and declares that it was signed in the
presence of witnesses, the certificate must be taken as true, and as proof of
signing in their presence.

On appeal from decree of the Orphans Court of Hunter-
don county.

*Mr. Bird* and *Mr. G. A. Allen*, for appellant.

*Mr. Van Fleet*, for respondents.

THE ORDINARY.

The objection to the will in this case being admitted to
probate is, that it does not appear by proof that the testator
signed it in the presence of the witnesses, or that he ac-
knowledged the signature to be his in their presence. This
is required by the statute, *Nix. Dig.* 1032, § 24, and no
other evidence can be allowed to supply the defect. If
twenty witnesses saw him sign or heard him acknowledge the
signature, it will not supply the requirement of signing or
acknowledgment, in the presence of the persons whom he se-
lected as the legal witnesses of this solemn act. In this case
the testator drew the whole will, including the attestation
clause, which declares that it was *signed* in the presence of the

witnesses. The witnesses testify that after Mr. Alpaugh's name was signed to the will he took it in his hand, declared it to be his last will, and asked them to sign it as witnesses. Neither of them testifies that he saw Alpaugh sign it, or that he acknowledged the signature to be his. Neither of them says that Alpaugh did not sign it in their presence. They were not asked directly whether they saw him sign. Each states such facts as he remembers, and says further that he does not recollect all that was done or said.

In such case, as in the case of the death of the witnesses, the attestation clause must be taken as true, and as proof of signing in their presence. Most especially in this case, where the attestation clause is in the handwriting of the testator, and shows that he knew the requirements of the law, the presumption will be that he saw to it that they were complied with. If the attesting witnesses had testified that they did not recollect whether the will was signed in their presence, the effect would be the same. If they had testified positively that the will was not signed in their presence, but was signed before they came, their evidence would not be overcome by the certificate in the attestation clause, but might be by convincing proof that it was actually signed in their presence.

In this case the want of recollection, or the want of proof, is remedied by the presumption arising from the attestation clause, and is sufficient to warrant the determination of the Orphans Court in admitting the will to probate, as signed by the testator in the presence of the attesting witnesses.

The decree must be affirmed.