## DAVIS v. SEMMES.

WILLS: *Attesting witness may subscribe by mark.*

One may become an attesting witness to a will by making his mark, although the person who writes the name of the witness fails to attest that fact by signing his own name in accordance with section 6344, Mansfield's. Digest, which defines "signature" to include a "mark when the person cannot write, his name being written near it and witnessed by a person who writes his own name as a witness."

Davis v. Semmes.

APPEAL from *Monroe* Circuit Court.

M. T. SANDERS, Judge.

The will of Thomas H. Semmes was presented to the probate court for admission to record and was rejected.    An
appeal was taken to the circuit court, where a judgment rejecting the instrument was also rendered, and from that
judgment this appeal is prosecuted.    The rejection of the
will was upon the ground that, as the attesting witnesses
subscribed it by mark and the person who wrote their names
failed to sign his own name as a witness of that fact, the
marks of the witnesses could not be taken as their signatures.

*Grant Green, Jr.*, for appellant.

There is a compliance with the requirements of the statute.
No form is prescribed. Mansfield's Digest, section 6492.
An attesting clause is not necessary.   The signatures of the
witnesses by making their mark is a compliance with the
law.    *Redfield on Wills*, chap. 6, sec. 4, pp. 228 to 245.

Appellant should have been permitted to prove the signatures of witnesses by the person who wrote their names.
*Miller, ex parte*, 49 Ark.

*John C. Palmer*, for appellee.

The only question presented by the record is, ''were there
two attesting witnesses, each of whom signed his name at
the end of the will?''    That neither of the attesting witnesses signed their names at the end of the will, there can be
no question.    But sec. 6344 of Mansfield's Digest provides
that, ''signature or subscription includes mark, when the
person cannot write, his name being written near it and
witnessed by a person who writes his own name as a witness.''
Was this provision of the will complied with?   It was not.
In the first place, it is in proof that one of the witnesses

could write. This witness, therefore, is no witness. Secondly, the statute requires that the execution of the will shall be perfect, before the death of the testator. See Mansfield's Digest, sec. 6490. In this case it was not perfect, and it is sought to prove, orally, in court, by the beneficiary, that which was required to be done at the time; and which was not done at all.

But Paul S. Davis was an incompetent witness. Sec. 2857 of Gantt's Digest making interested parties competent in civil actions, does not apply to proving a will by a subscribing witness. See secs. 6539, 6540 and 6541.

Well might the judge of the circuit court have said: ''If a will could be established upon such testimony as this, a will might be made for any man.''

The case of Miller, *ex parte*, 49 Ark., 18, is no authority in this case. Redfield on Wills is not applicable, because we have a statute regulating the subject.

COCKRILL, C. J.

The question in this case is, can one become an attesting witness to a will by making his mark when the person who writes the name of the witness fails to sign his name as witness of that fact?

A subscribing witness, like the testator himself, signs most appropriately by subscribing his name in his own handwriting; and there is much reason why a witness intelligent and able-bodied enough to do this, should be chosen to perform the office. Nevertheless, a will may lawfully be subscribed by mark either by a testator or witness. It was so held as to the testator, by this court under the statute now in force in Cornelius' case in the 14th Ark., 675. See too *Gatline v. Price*, 23 Ib., 396. The reasons which control in sustaining

Davis v. Semmes.

the testator's subscription by mark apply also to the subscribing witness, when the governing provisions of the statute are similar. This is the rule recognized by the authorities. *Schouler on Wills*, sec. 313, and cases cited.

It is argued that the statute has been changed since the decision in Cornelius' case, *supra*, by the code of civil practice, in which it is declared that in construing its provisions a signature or subscription shall be held to "include mark, when the person cannot write, his name being written near it and witnessed by the person who writes his [own] name as a witness." Mansfield's Digest, sec. 6344. It is argued from this that the mark of a witness cannot be taken as his signature unless it is accompanied by the signature of the person who wrote the witness' name.

In Miller, *ex parte*, 49 Ark., 18, this provision of the statute was under consideration, and it was ruled that it did not mean that the signature of the person who wrote the name of the witness should be the exclusive evidence of the witness's signature. It was intended, as there explained, merely to put a signature by mark on the footing of a signature by writing, when made in accordance with the statute, and not to exclude other proof of the signature by mark. Now if we concede that this provision of the statute has any application to the execution of a will, the construction placed upon it in Miller, *ex parte*, which we think is its true meaning, left the attesting witnesses free to prove their signatures as they did in this case. The statute governing the probate of wills requires every subscribing witness, if he can be produced, to prove his own signature. Mansfield's Digest, sec. 6514, *et seq.*; and if the person who wrote the witnesses' names in this case had attested that fact by his signature in accordance with the provisions above quoted, it would not

have dispensed with the subscribing witnesses' testimony or added anything to the force of their evidence.

As was explained in Cornelius' case, *supra*, when a signature by mark is permitted, it is not solely upon the ground of the illiteracy of the subscriber; and his signature is not rejected merely because it is shown that he could write. See too *Schouler on Wills*, secs. 313 and 314 and notes.

The record shows that the court acted upon the presumption that the signature of the person who wrote the witnesses' names was essential to the attestation, and the judgment rejecting the will will be reversed and the cause remanded for a new trial.