## APPEAL OF REAVER'S EXECUTORS.

*Attestation of Will by Witness Making His Cross-Mark.*

When another person writes the name of a witness to a will for him, and the latter puts his mark to the name which has thus been written, it operates as his signature as fully as if he had subscribed his name.

Appeal from the Orphans' Court of Carroll County.

The cause was submitted to the Court on brief by :

*John M. Roberts* and *Benj. F. Crouse*, for Jos. M. and Jas. B. Reaver, executors.

SCHMUCKER, J., delivered the opinion of the Court.

The record in this case presents for our consideration the single question whether a mark made by a witness to a will as his signature constitutes a sufficient attestation by him.

The will of Washington Reaver, late of Carroll County, when presented to the Orphans' Court of that county, was duly signed and sealed by him and was attested as follows :

"Signed, sealed, published and declared by Washington Reaver as and for his last will and testament, in the presence of us, who at his request in his presence and in the presence of each other, have subscribed our names as witnesses thereto.

Witnesses.                    CLAYTON H. HARNER,
                                          his
                              CHARLES X ENGLE."
                                          mark

After due proof of the custody of the will and of the fact that no other will of the testator had been found or was supposed to exist, each of the two witnesses made oath before the Orphans' Court that he saw the testator sign and seal the will, that he heard him pronounce and declare it to be his last will and testament and that at the time of doing so he (the testator) was to the best of the witnesses' apprehension,

knowledge and belief of sound and disposing mind, memory and understanding and that he had subscribed his name as a witness of the testator, in his presence and in the presence of the other witnesses. Both witnesses also swore that Engle had subscribed his name as a witness to the will by making his mark to his name which had been written for him by Harner.

The Orphans' Court then passed the order appealed from refusing to admit the will to probate because it was "not executed according to the Act of Assembly in such case made and provided."

The Orphans' Court were clearly. in error in refusing probate of this will. The provision of the statute of this State that a will must be attested and subscribed by the witnesses in the presence of the testator had its origin in the Statute of Frauds and is substantially the same as that in force in most of the other States and in England. The textbooks and the decisions of the English and American Courts agree that when another person writes the name of a witness to a will for him and the latter puts his mark to the name which has thus been written it operates as his signature as fully as if he had subscribed his name. *Jarman on Wills*, \*85 ; *Beach on Wills*, sec. 41 ; *Schouler on Wills*, sec. 331; *Redfield on Wills*, vol. 1, p. 229; *Harrison* v. *Harrison*, 8 Ves. Jr. 185 ; *Addy* v. *Grix*, *Ibid*, 503; *Compton* v. *Mitton*, 12 N. J. Law 70; *Ford* v. *Ford*, 7 Hump. 96; *Davis* v. *Semmes*, 51 Ark. 48; *In re will of Bridget Guilfoyle*, 22 L. R. A. 372, where a collection of the cases on the subject will be found under the note on attestation.

No Maryland decision directly to the point now in issue has been called to our attention, but in *Collins* v. *Nichols*, 1 H. & J. 402, it was held that to establish a will so as to pass title to land "there must be proof of the handwriting of the testator and of all the witnesses before the will can be given in evidence (in an ejectment) and where the witnesses have put their marks there must be proof that such marks are the marks of the witnesses ;" thus recognizing the mark made by

the witness as a sufficient attestation by him of the will. The doctrine thus announced in *Collins* v. *Nichols* was cited with approval and relied on by this Court in *Hoppe* v. *Byers*, 60 Md. 388, showing it to be in accord with the current of authorities upon the sufficiency of the mark made by the attesting witness.

The order appealed from will be reversed and the case remanded to the end that the will may be admitted to probate.

> *Order reversed with costs to be paid out of the estate and cause remanded for further proceedings in accordance with this opinion.*

(Decided April 1st, 1903.)