In the matter of the estate of ELIZABETH V. MANNERS.

[Argued February 6th, 1907. Decided May 14th, 1907.]

1. The *prima facie* effect of a perfect attestation clause appended to a paper propounded for probate as a will may be overcome by evidence.

2. By the testimony of the attesting witnesses, it appeared that the paper was not signed by the alleged testatrix in their presence; that when they entered the room where she was, the scrivener who had drawn the paper said in an audible voice that she had made her will and wanted them to witness it, and added "this is her name;" that the alleged testatrix was silent and made no sign of assent to either of the scrivener's statements.—*Held*, that there was no sufficient proof of publication of the paper as a will or of an acknowledgment of the making of the signature thereto by the alleged testatrix to satisfy the requirement of the statute.

On appeal from a decree of the Hunterdon county orphans court.

*Mr. Arthur R. Denman,* for the appellant.

*Mr. Paul A. Queen,* for the respondent.

MAGIE, ORDINARY.

The appeal is from a decree refusing probate to a paper-writing offered as the last will and testament of Elizabeth V. Manners. The paper-writing purported to be signed by the testatrix. There was a perfect attestation clause, to which was appended the signatures of two witnesses, and these witnesses were called and testified on the application for probate.

The perfect attestation clause appended to the will was *prima facie* evidence of due execution. The *prima facie* effect of such a clause, however, may be overcome by testimony, and even by the testimony of the subscribing witnesses. *Berdan's Case, 65 N. J. Eq. (20 Dick.) 681.*

The questions presented are—*first,* whether their testimony overcomes the declaration of the attestation clause of the will as to publication by the testatrix; and *second,* whether their testimony overcomes the attestation clause in respect to the signature of the will.

The evidence renders it clear that the signature was not made in the presence of the subscribing witnesses. When they entered the room in which the testatrix sat they found there the scrivener who had drawn the will and who had requested them to come into the house to witness its execution. Thereupon the scrivener said that the testatrix had made her will and wanted them to witness it. The witnesses expressed the opinion that this was spoken in a voice loud enough to be heard by the testatrix, who sat some eight or ten feet distant in the same room, but they both declare that she made no sign of assent, and both agree that she did not sign the paper in their presence.

It is settled law that a testatrix may publish a will by assenting to a statement made in her presence. Such an assent may be made by some act or sign. If the scrivener declared, in the hearing of the testatrix, that the paper was her will and she had then signed it, publication might be inferred. But when there was

no act or sign by the testatrix, I think that the proof discloses that there was no publication by the testatrix.

As the paper-writing was not signed in the presence of witnesses, it is, by our statute, invalid unless the testatrix acknowledged "the making thereof," *i. e.*, the making of the signature in their presence. On this subject the evidence shows that the scrivener said, apparently with reference to the paper-writing which was in the room and on the table, "This is her name." Testatrix remained silent, and no act or sign was made by her to that statement.

But if she had signified her assent to the statement of the scrivener, in my judgment the acknowledgment which the statute requires would not be made out. An acknowledgment that the signature was her name is not an acknowledgment that it was made by her, and I think nothing less than such an acknowledgment will satisfy the statutory requirements.

In my judgment, the decree refusing probate must be affirmed.