#### OF

## THE STATE OF NEW JERSEY.

### OCTOBER TERM, 1909.

---

MAHLON PITNEY, ORDINARY.

EDWIN ROBERT WALKER, VICE-ORDINARY.

---

JAMES C. BIOREN, proponent-appellant,

*v.*

CHARLES F. NESLER et al., caveators-respondents.

[Decided September 21st, 1909.]

Evidence examined and held insufficient to show that there had been a publication of a paper writing purporting to be a will, and proposed for probate, in the presence of the witnesses thereto, and hence the paper cannot be probated.

---

On appeal from a decree of the Essex county orphans court.

573

*Mr. Arthur R. Denman,* for James C. Bioren.

*Mr. Chandler W. Riker,* for Mary Lulu Bioren.

*Mr. Ralph E. Lum,* for Cornelius and Kate Mandeville.

*Mr. Charles C. Pilgrim,* for Sarah Remer.

WALKER, VICE-ORDINARY.

This is an appeal from a decree refusing probate of a paper writing purporting to be the last will and testament of John D. Nesler, late of the county of Essex, deceased. On the hearing before me application was made on behalf of the proponent and appellant to take further testimony, which was granted. Further testimony was taken, but the evidence, in my judgment, does not strengthen the case of the proponent as made in the court below.

In my opinion, the case under consideration is governed by that of *Manners* v. *Manners, 66 Atl. Rep. 583,* upon which the decision in the court below was rested. Even if I should not agree with the judge of the orphans court in holding that there was no proof of John D. Nesler's having written his name upon the paper before the witnesses signed, and if I should hold that the testimony of the subscribing witnesses, Mrs. Emma A. Nesler and John R. MacKenzie, was not sufficient to overcome the presumption arising from the attestation clause that the alleged testament was "signed, sealed and delivered in the presence of" the witnesses, still, on the authority of *Manners* v. *Manners,* I would be obliged to conclude that there had been no publication of the will by the decedent, as required by our statute. I can see no substantial difference between a scrivener announcing to persons called into a room to witness a will, that the person present "had made her will and wanted them to witness it," as in the *Manners Case,* or "this is John D.'s will and you are asked to witness it," which was, in effect, what was said to the witnesses in this case, according to the testimony of Mrs. Nesler. The witness MacKenzie does not remember even that much having been said. The statement was made by Charles L. Nesler, brother of the deceased, who drew the will. The proponent seeks

to show assent given by the deceased to the statement of the scrivener by urging that it appears that he smiled and nodded his head after the declaration was made, but the testimony makes it appear that the smile and nod were given in recognition of the appearance of the witness or witnesses when they came into the room, rather than that it was given after the declaration of the scrivener.

It must be conceded, I think, that the testimony of MacKenzie is insufficient to show an execution of the will. It has been held that the testimony of one witness as to the due execution of a will is sufficient to prove the fact of due execution in the presence of two witnesses, although the other one testifies to facts which would show that the statutory requirements had not been complied with, as was the case in *Swain* v. *Edmonds, 53 N. J. Eq.* (*8 Dick.*) *142.* But there is not proof of due execution by either witness in this case.

The attestation clause in this cause is certainly defective. It is, however, presumptive evidence of the signing, or acknowledgment of the signing by the testator in the presence of the witnesses, unless overcome by proof to the contrary. *Beggan's Case, 68 N. J. Eq.* (*2 Robb.*) *572.* Assuming that there was an acknowledgment of the signature of the decedent to the witnesses, as certified in their imperfect attestation clause, nevertheless, as they did not certify that the will was published in their presence, and as there is no proof of such publication, the paper cannot be probated.

The decree of the court below must be affirmed.