JAMES C. BIOREN, appellant,

*v.*

CHARLES F. NESLER et al., respondents.

[Argued July 7th, 1910.   Decided November 14th, 1910.]

1. The formalities prescribed by the supplement of March 12th, 1851, to "An act concerning wills" (*Gen. Stat. p. 3760*), upon which all valid wills must rest are—(1) that the will shall be in writing;  (2) that it shall be signed by the testator;  (3) that the signature of the testator shall either be made or acknowledged by him in the presence of two witnesses who shall be present at the same time;  (4) that the writing shall be declared by the testator to be his last will, in the presence of those witnesses, present at the same time as aforesaid, and (5) that the two witnesses shall subscribe their names thereto in the presence of the testator.

2. It is essential to the validity of a will that everything required to be done by the testator shall precede in point of time the subscription of the witnesses.

3. Where it appears by the uncontradicted affirmative testimony of the subscribing witnesses to an alleged will that the signature of the testator was neither made nor acknowledged by him in the presence of the subscribing witnesses, the instrument must be denied probate notwithstanding the fact that there was annexed to the writing an attestation clause, "Signed, sealed and delivered in the presence of," subscribed by such witnesses.

On appeal from a decree of the prerogative court advised by Vice-Ordinary Walker, whose opinion is reported in *76 N. J. Eq. (6 Buch.) 573.*

*Mr. Arthur R. Denman,* for the appellant, James C. Bioren.

*Messrs. Riker & Riker,* for Mary Lulu Bioren, Edith D. Bioren and Edna N. Bioren, beneficiaries under the alleged will.

*Messrs. Lum, Tamblyn & Colyer,* for the respondent Kate Mandeville.

*Messrs. Lafferty & Pilgrim,* for the respondent Sarah Remer.

*Mr. Frank E. Bradner,* for the respondent Charles D. Mandeville.

*Messrs. E. A. & W. T. Day,* for the respondent Charles F. Nesler.

The opinion of the court was delivered by

TRENCHARD, J.

This is an appeal from a decree of the prerogative court affirming a decree of the Essex county orphans court refusing probate of a certain instrument in writing dated October 31st, 1901, purporting to be the last will and testament of John D. Nesler, deceased.

The orphans court denied probate of the alleged will because, in its opinion, the proofs showed that John D. Nesler did not sign the document nor acknowledge his signature thereto in the presence of the subscribing witnesses. The prerogative court affirmed the decree of the orphans court without passing directly upon that question, but rested its conclusion mainly upon want of proof of publication.

We are of the opinion that the ground taken by the orphans court was right.

The formalities prescribed by the supplement of March 12th, 1851, to "An act concerning wills" (*Gen. Stat. p. 3760*), upon which all valid wills must rest are—*first,* that the will shall be in writing; *second,* that it shall be signed by the testator; *third,* that the signature of the testator shall either be made or acknowledged by him in the presence of two witnesses who shall be present at the same time; *fourth,* that the writing shall be

36

declared by the testator to be his last will, in the presence of those witnesses, present at the same time as aforesaid, and *fifth*, that the two witnesses shall subscribe their names thereto in the presence of the testator. *Darnell* v. *Buzby, 50 N. J. Eq. (5 Dick.) 725; affirmed, 52 N. J. Eq. (7 Dick.) 337.*

It is essential to the validity of a will that everything required to be done by the testator shall precede in point of time the subscription of the witnesses. *Lacey* v. *Dobbs, 63 N. J. Eq. (18 Dick.) 325.*

The will in question is in writing. It is not contended that it was not signed at some time by the testator. The first contention is that the third essential formality, namely, that the signature of the testator shall either be made or acknowledged by him in the presence of two witnesses who shall be present at the same time, was not complied with. This brings us to an examination of the proofs.

It appears that the writing purporting to be John D. Nesler's will was written by his brother Charles L. Nesler. Annexed to the will is an attestation clause as follows: "Signed, sealed and delivered in the presence of." Two persons subscribed their names as witnesses at the foot of the clause.

An attestation clause is made for the purpose of preserving in permanent form a record of the facts attending the execution of the will, so that, in case of the failure of the memory of the subscribing witnesses, or other casualty, they may still be proved; and the courts have accordingly held that, on proof of the authenticity of the signatures of the subscribing witnesses, the facts stated in the attestation clause must be accepted as true, until it is shown that they are not. *Allaire* v. *Allaire, 37 N. J. Law (8 Vr.) 312; affirmed, 39 N. J. Law (10 Vr.) 113; Farley* v. *Farley, 50 N. J. Eq. (5 Dick.) 435; Lacey* v. *Dobbs, 63 N. J. Eq. (18 Dick.) 325; Beggan's Case, 68 N. J. Eq. (2 Robb.) 572; Manners* v. *Manners, 66 Atl. Rep. 583.* In *Mundy* v. *Mundy, 15 N. J. Eq. (2 McCart.) 290,* Chancellor Green declared the rule to be as follows: "The attestation clause, with the signatures of the witnesses, is *prima facie* evidence of the facts stated in it. It may be overcome by the witnesses themselves, or by other witnesses, or by facts and circumstances irreconcilable

with its verity. If there is no attestation clause the case is different. In the one case there must be affirmative proof of publication and of the other requisites; in the other there must be affirmative proof of the want of those requirements." In *Allaire* v. *Allaire, 37 N. J. Law (8 Vr.) 312*, Chief-Justice Depue, speaking for the supreme court, said that the true principle had been so declared with exactness; and in *Allaire* v. *Allaire, 39 N. J. Law (10 Vr.) 113*, and in *Lacey* v. *Dobbs, 63 N. J. Eq. (18 Dick.) 325*, this court held that the legal rule was thus properly settled.

It will be observed that the attestation clause in question is imperfect, in that it fails to assert the performance of all the acts required to be done under our statute of wills to make a valid testamentary disposition. But attributing to it the force of *prima facie* evidence of the fact stated in it, namely, that it was "signed * * * in the presence of" the subscribing witnesses, still it is not established in the present case that the signature of the testator was made in the presence of the subscribing witnesses because the presumption thus arising is overcome by affirmative evidence disproving the statement.

It appears by the proofs that the subscribing witnesses were Emma A. Schaef and John R. MacKenzie. Miss Schaef has since intermarried with Charles Frederick Nesler. The paper was signed by them in a small office room at the factory of Nesler & Company in Newark. Both subscribing witnesses agree that they were called into the small office by Charles L. Nesler. Neither of them was apprised of the purpose in view until after entering the room. Mrs. Nesler testified that as she entered the room John D. Nesler smiled and nodded his head in greeting; that thereafter Charles L. Nesler said: "This is John D.'s will * * * I want you to witness it," but that the testator said and did nothing. Mr. MacKenzie testified that Charles said: "This is John D.'s will; sign it," but that the testator said and did nothing. Both witnesses swore that John D. Nesler said nothing from the time they entered until they left the room, and nothing else was said by any other person present. Furthermore, both subscribing witnesses testified that John D. Nesler did not sign

the will in their presence, and that neither of them saw his signature upon the will when they signed it.

Clearly such uncontradicted affirmative evidence demonstrated that there was no compliance with the requisite formality that the signature of the testator shall either be made or acknowledged by him in the presence of two witnesses who shall be present at the same time. It is to be remarked that Charles L. Nesler did not call the attention of the witnesses to any signature of John D. Nesler on the will, but simply stated that the paper presented to the witnesses for signature was John D.'s will. It will also be noticed that the testimony of Mrs. Nesler that the testator smiled and nodded is of no significance in this connection because she swears positively it was merely in greeting as she entered the room and before the will had been mentioned.

Since we have reached the conclusion that the alleged will was properly denied probate for the reason stated, it is unnecessary to consider the question whether there was want of proof of publication as determined by the prerogative court.

The decree of the court below will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, DILL, CONGDON—13.

*For reversal*—None.