(No. 15596.—Judgment affirmed.)

JULIA ANNA NORTON, Appellant, *vs.* FRANK S. GOODWINE, Exr., Appellee.

*Opinion filed December 19, 1923—Rehearing denied Feb. 7, 1924.*

1. WILLS—*additional proof is required where attestation clause is not in due form.* In probating a will, if the attestation clause is in due form and complete in substance certain presumptions will be indulged in that do not obtain where such clause is not in due form or is otherwise incomplete, in which latter case additional proof is required.

2. SAME—*what evidence is admissible in circuit court to probate will.* Under section 13 of the Wills act, on a hearing in the circuit court the party seeking probate may support the same by any evidence competent to establish a will in chancery.

3. SAME—*requirements of section 2 of Wills act need not be stated in attestation clause.* It is not required that there be a direct statement in the attestation clause in order to comply with section 2 of the Wills act, and the proof for the probate of the will in the circuit court need not be direct in supplying the requirements of said section, but may be based upon the attestation clause, the evidence and the inferences legally arising therefrom.

4. SAME—*when will may be admitted to probate although the attestation clause is not in due form.* Although there is no direct

statement in the attestation clause that the testator signed the will in the presence of the attesting witnesses or acknowledged the same to be his act and deed, the will may be admitted to probate in the circuit court where the testimony of one of the subscribing witnesses, together with secondary evidence admitted in lieu of the testimony of two other subscribing witnesses who had died, justifies the conclusion that the will was signed or acknowledged by the testator in the presence of the witnesses.

APPEAL from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding.

GUNN, PENWELL & LINDLEY, for appellant.

G. H. COUCHMAN, and O. M. JONES, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The probate court of Vermilion county admitted to probate the purported last will and testament of Lafayette Goodwine, whose death occurred April 3, 1923. On appeal to the circuit court of that county the will was admitted to probate, and from that order this appeal was taken.

The only issue in this case is the sufficiency of the evidence of the due execution of the will in view of the testimony offered, taken in connection with the wording of the attestation clause, which is as follows:

"We, the undersigned, hereby subscribe our names as witnesses to the foregoing instrument, in the presence of the testator, and at his request, and in the presence of each other, we, and each of us believing the said testator, at the time of so signing his name thereto, to be of sound mind and memory.

　　-　　　　(Signed) JACOB S. McFERREN,　(Seal)
　　　　　　　　　　　MAMIE B. KAVANAUGH, (Seal)
　　　　　　　　　　　C. M. BRIGGS.　　　　(Seal)"

At the time the will was offered for probate Jacob S. McFerren and C. M. Briggs were dead. Mamie B. Kavanaugh, the other witness to the will, testified that she signed her name to the same but she could not remember the tes-

tator signing the will, and she did not think McFerren was there at the time she signed as a witness. Evidence was introduced to prove that the signatures of the testator and the two deceased witnesses were in their respective handwriting and were genuine, but none of such witnesses saw the will executed by the testator nor signed by the witnesses thereto, and they knew nothing directly about the execution of the will. There is no direct statement in the attestation clause that the testator signed the will in the presence of the witnesses.

Section 2 of the chapter on wills provides: "All wills * * * shall be reduced to writing and signed by the testator * * * and attested in the presence of the testator * * * by two or more credible witnesses, two of whom, declaring on oath or affirmation, before the county court of the proper county, that they were present and saw the testator * * * sign said will * * * in their presence, or acknowledged the same to be his * * * act and deed, and that they believed the testator * * * to be of sound mind and memory at the time of signing or acknowledging the same, shall be sufficient proof of the execution of said will * * * to admit the same to record." (Smith-Hurd Stat. 1923, p. 2134.) Section 6 of the same chapter provides: "In all cases where any one or more of the witnesses of any will * * * shall die * * * it shall be lawful * * * to admit proof of the handwriting of any such deceased * * * witness * * * and such other secondary evidence as is admissible in courts of justice, to establish written contracts generally in similar cases; and may thereupon proceed to record the same, as though such will * * * had been proved by such subscribing witnesses, in his, her or their proper persons." (Ibid. p. 2135.)

It seems to be admitted that if the attestation clause had been in due form the testimony presented in this case was sufficient to justify the admission of the will to probate, but counsel for the appellant contend that as the attestation

clause did not recite that the testator signed the instrument in the presence of the witnesses or acknowledged the will to be his act and deed in the presence of the witnesses, the presumptions which obtain where the attestation is in due form do not obtain here. It is necessary, under the statute, to prove that a will is legally executed. It is also true that where there is an attestation clause in due form and complete in substance certain presumptions will be indulged in (*Kuehne* v. *Malach*, 286 Ill. 120,) that do not obtain where the attestation clause is not in due form or is otherwise incomplete, in which latter case additional proof is required. "It is not necessary, however, that a formal attestation clause reciting all the facts necessary to a correct execution of the will be added to the instrument to make it a valid will." (*Schofield* v. *Thomas*, 236 Ill. 417; *Mead* v. *Presbyterian Church*, 229 id. 526.) "It has been repeatedly held by this court that on the hearing in the circuit court on the question of the due execution of the instrument involved, the question of fact presented is determined by the same rules and presumptions which control the trial of other questions of fact, and that the instrument should be admitted to record if its genuineness and due execution are established by evidence competent to establish the will in chancery." (*In re Will of Porter*, 309 Ill. 220.) Even though the proof in this case did not meet the requirements of section 2 of the Wills act when offered for probate in the probate court, under section 13 on a hearing in the circuit court the party seeking probate may support the same by any evidence competent to establish a will in chancery. In case of the death of a witness, or of two witnesses, secondary evidence is provided for and may be introduced under section 6 of the Wills act. Such evidence was furnished in this case and was sufficient proof that the witnesses signed the document; (*Hobart* v. *Hobart*, 154 Ill. 610; *More* v. *More*, 211 id. 268;) and it also appeared that the document bore the genuine signature of the testator.

It is not required that there be a direct statement in the attestation clause in order to comply with section 2 of the statute on wills, and the proof need not be direct in supplying the requirements of said section but may be based upon the attestation clause, the evidence and the inferences legally arising therefrom. (*More* v. *More, supra.*) In this last case there was no direct written statement in the attestation clause, or anywhere else, that the witnesses believed the testator to be of sound mind, but it was held that inferences were properly drawn from the evidence as to that fact and as to the testator's signing the will in the presence of the witnesses. The reasoning in that case would justify the conclusion, on the facts proved in this record, that this will was signed or acknowledged by the testator in the presence of the witnesses. In the present case the attestation clause recited that the witnesses had signed the instrument at the testator's request, in his presence and in the presence of each other, and that they believed the testator at the time of "so signing his name thereto" to be of sound mind and memory, the only deficiency in the attestation clause being that they failed to state in so many words that they saw the testator "so sign." The court had the right to weigh and consider the evidence produced and the circumstances surrounding the execution of the instrument, and if the evidence justified, the instrument could be admitted to probate notwithstanding the fact that two witnesses were not produced who swore they saw the instrument signed by the testator or heard him acknowledge that the instrument was his act and deed. *In re Will of Porter, supra; Mead* v. *Presbyterian Church, supra.*

Taking the attestation clause as a whole, together with the proof offered as to the genuineness of the signatures of the testator and the witnesses, we think there is sufficient proof that the testator acknowledged the instrument as his act and deed. There was no evidence of any other will having been drawn. The evidence introduced was proper

under section 13 of the Wills act, and in our judgment was sufficient to justify the circuit court in directing that the will be admitted to probate.

The judgment of the circuit court will therefore be affirmed.                                      *Judgment affirmed.*