(No. 19332.

GEORGE HOOVER *et al.* Plaintiffs in Error, *vs.* LULU KEL-
LER *et al.* Defendants in Error.

*Opinion filed April 17, 1930.*

WILLIAM E. ISLEY, for plaintiffs in error.

KASSERMAN & KASSERMAN, for defendants in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

A writ of error has been prosecuted from this court to review an order of the circuit court of Jasper county admitting to probate the last will and testament of Joseph Huber, deceased. As grounds for reversal it is urged that the evidence fails to establish either the signature of the testator to the will or the acknowledgment of the instrument by him as his will; that it fails to show by the witnesses to the will that the testator was of sound mind and mem-

ory; and that the evidence is insufficient to justify the court in admitting the instrument to probate as a will.

Joseph Huber died in Jasper county on September 23, 1927, leaving a purported last will and testament, which was witnessed by Charles Barthelme and Alphonse Ostheimer. Defendants in error, Lulu Keller, a niece, and Lawrence Huber, a nephew, were appointed executrix and executor without bond. The testator left surviving him as his only heirs-at-law, his brother, George Huber, and certain nieces and nephews. A petition was filed in the county court to admit the will to probate, there was a hearing, the will was admitted to probate, an appeal was prosecuted to the circuit court, there was a hearing in the circuit court, the will was admitted to probate by the circuit court, and this writ of error was prosecuted.

The evidence shows that on Sunday, May 19, 1923, the testator asked E. J. Gangloff, who was clerk and police magistrate of the village of Sainte Marie, in Jasper county, to write his will. They went to the office of the village clerk, where Gangloff wrote the will in question. After it was written the testator said he was unable to write his name, and Gangloff signed the testator's name to the will and signed his name as a witness. The will was delivered to the testator, where it apparently remained until August 23, 1924, when its purported execution took place. Alphonse Ostheimer testified that on the day the will was executed he met the testator in front of the bank in Sainte Marie. The testator asked him and Charles Barthelme if they would sign his will for him, and they told him they would. The three men went into the bank and up to the cashier's window. The cashier, I. C. Barthelme, was present. The will was produced. The witness did not know where it came from. The testator said it was his will and asked them to sign it. He said he was too nervous and feeble to write his name. The witness saw the testator make his mark but he did not know just where it was on

the paper. He saw Charles Barthelme sign as a witness and he signed as a witness. Charles Barthelme testified to substantially the same state of facts, except that he did not testify to seeing the testator make his mark, because somebody was between him and the testator. He was asked if he was not requested to sign by Jim Keller, who was the husband of one of the defendants in error. He replied that Keller had asked him to sign as a witness but on the day in question he was asked by the testator to sign. Both witnesses testified that the testator was of sound mind and memory at that time. E. J. Gangloff testified to the writing of the will; that after it was written the testator said he was unable to write, and thereupon the witness wrote the testator's name and witnessed it. He testified that the testator took the will with him and he did not see it until after the death of the testator. I. C. Barthelme, the cashier of the bank, testified that the testator came into the bank with the two witnesses and asked him to acknowledge the signatures of the two witnesses; that he did acknowledge the signatures and swore the witnesses to the will. The will shows that it was sworn to before this witness as a notary public.

Section 2 of the Statute of Wills provides that all wills shall be reduced to writing and signed by the testator or by some person in his presence and by his direction and attested in the presence of the testator by two or more credible witnesses, two of whom shall declare on oath before the county court of the proper county that they were present and saw the testator sign the will in their presence and acknowledge the same to be his act and deed, and that they believe the testator to be of sound mind and memory at the time of signing or acknowledging the same; that this shall be sufficient proof of the execution of the will to admit the same to record. It has been held by this court that in order to admit a will to probate these statutory requirements must be complied with. (*Harris* v. *Etienne,* 315 Ill.

540.) In construing this section it has been held that it is not necessary that the attesting witnesses see the signature of the testator upon the face of the will, or that an acknowledgment of the signature be made to them by the testator, or that they know that the instrument is a will, but the statutory requirements are satisfied if the testator acknowledges the execution of the will. (*Thornton* v. *Herndon,* 314 Ill. 360; *Jenkins* v. *White,* 298 id. 502; *In re Will of Barry,* 219 id. 391.) Where the attestation clause is in due form and the will bears the genuine signatures of the testator and the subscribing witnesses it is *prima facie* evidence of the due execution of the will, and this *prima facie* case will not usually be overcome because one of the subscribing witnesses testifies that all of the requirements of the statute were not complied with. (*Landry* v. *Morris,* 325 Ill. 201; *Hart* v. *Hart,* 290 id. 476; *Rupp* v. *Jones,* 289 id. 596; *Thompson* v. *Karme,* 268 id. 168.) It is not required that the attesting witnesses be in the presence of each other when they sign. (*Craig* v. *Wismar,* 310 Ill. 262; *Rupp* v. *Jones, supra; Jenkins* v. *White, supra.*) In this case the attesting clause is in due form and covers all of the requirements of the statute, except that it does not make any reference to the mental ability of the testator to make the will. That omission was cured by the testimony of the two attesting witnesses.

It is insisted by plaintiffs in error that the will was not offered in evidence, and therefore it is not before this court for inspection. The will is in the record and is properly certified as a part of the record. Regardless of this fact, however, the evidence was sufficient to justify the court in admitting the will to probate.

We find no reversible error, and the order is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Order affirmed.*