This is an appeal from a decree of the Passaic county orphans court refusing probate of a certain writing purporting to be the last will and testament of one Henry M. Post, who departed this life on April 6th, 1932, and against the probate of which decedent's widow had filed a caveat.
The action of the orphans court was predicated upon the ground that, in its opinion, the proofs adduced affirmatively showed that the decedent neither made nor acknowledged his signature upon said writing in the presence of Stephen H. Murdock and Catherine E. Hopper, the subscribing witnesses thereto, either one of which alternatives, under the provisions of section 24 of "An act concerning wills" (4 Comp. Stat. p. 5867), is unquestionably indispensable to the due execution and validity of a will.
The writing in question had upon it two attestation clauses, one directly beneath the other, the signatures of the subscribing witnesses being affixed alongside of the lower of these clauses. In each of these clauses appears the statement that the writing was signed by the decedent in the presence of both of said subscribing witnesses, thereby furnishing *Page 332 prima facie evidence of said stated fact (Mundy v. Mundy,15 N.J. Eq. 290; In re Alpaugh, 23 N.J. Eq. 507; Tappen v.Davidson, 27 N.J. Eq. 459; Allaire v. Allaire,37 N.J. Law 312; affirmed, 39 N.J. Law 113), the verity of which fact, however, might, under the pronouncements in Mundy v. Mundy,supra; In re Berdan, 65 N.J. Eq. 681; Bioren v. Nesler, 77 N.J. Eq. 560,
and other similar cases, be rebutted or overcome by the testimony of the subscribing witnesses themselves or any other competent evidence irreconcilable therewith.
It is here insisted on behalf of the respondent-caveator, and as was found by the orphans court, that the presumption created by the statement in the attestation clause relative to the decedent's signing of the writing in the presence of the subscribing witnesses was affirmatively overcome by the testimony of those witnesses themselves. A consideration of the evidence, inevitably leads me to the view that the determination of the orphans court here appealed from was proper and correct.
The evidence discloses that Mr. Murdock definitely testified that he did not see the decedent's signature on the writing in question at the time that he affixed his own signature alongside of the attestation clause; while Miss Hopper, the other subscribing witness, testified with certainty that she didn't see the decedent do any writing at all, although she was in a position where she could have seen him do so, if he had done so. Hence, there was here adduced affirmative proof that neither of the subscribing witnesses saw the decedent affix his signature to the writing in question, the obvious effect of which testimony was to indubitably militate against and overcome the presumption arising from the attestation clause to the contrary.
Furthermore, it was here neither shown nor claimed that the decedent ever acknowledged his signature upon said writing in the presence of either or both of these subscribing witnesses. Consequently, the evidence adduced conclusively demonstrates that the writing in question was not executed in the manner and form required by the provisions of the statute hereinbefore mentioned.
The decree of the orphans court will be affirmed. *Page 333